**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**UNITED STATES OF AMERICA**

        **Plaintiff,**

**-vs-**                                                                                 **Case No.   CR-3-04-003**

**DWAINE LAMAR WRIGHT**

        **Defendant.**

**ENTRY AND ORDER OVERRULING DEFENDANT'S MOTION
TO SUPPRESS (DOC. #13)**

This matter comes before the Court pursuant to a Motion to Suppress (Doc. #13) filed by the Defendant, Dwaine Lamar Wright, on April 30, 2004.  The Court conducted hearings on said Motion on July 21, 2004 and December 29, 2004.  Present at said hearings was Defendant, Dwaine Lamar Wright, represented by Attorney Thomas Anderson and Assistant U.S. Attorney Robert Bartlemay, representing the Government.  Subsequent to said hearings, the Defendant filed a Brief in Support (Doc. #26) on February 1, 2005 to which the government filed a Memorandum in Opposition (Doc. #27) on February 18, 2005.  The Defendant filed a Reply Brief (Doc. #28) on March 4, 2005.

The Defendant's motion asserts that the Defendant's parole officer did not have a reasonable suspicion sufficient to conduct a search of a residence thought to be that of the Defendant located at 474 South Kilmer Street, Dayton, Ohio, on August 1, 2003.  Therefore, Defendant requests that this Court suppress any and all tangible evidence procured by the alleged illegal search of 474 South Kilmer Street.

The Defendant, on August 28, 2002, was placed on parole following a conviction for Illegal Conveyance of Drugs Onto The Grounds of a Detention Facility and a subsequent revocation of probation.  On October 30, 2002, Defendant met with his parole officer, Scott Donley, and signed his conditions of supervision.

As part of said conditions, the Defendant specifically agreed as follows:

9.  I agree to a search, without warrant, of my person, my motor vehicle or my place of residence by a supervising officer or other authorized representative of the Department of Rehabilitation and Correction at any time.  Notice: Pursuant to Section 2967.131 of the Revised Code, officers of the Adult Parole Authority may conduct warrantless searches of your person, your place of residence, your personal property, or any property which you have been given permission to use if they have reasonable grounds to believe that you are not abiding by the law or terms and conditions of your supervision (Government Exhibit #6)

Parole Officer Donley specifically discussed this provision at the time he signed the Conditions of Supervision.

In November, 2002, Parole Officer Donley received a call from a Ms. Briggs indicating Defendant had left his previous residence, and was now living at 474 South Kilmer Street.  Said move was without permission by or notification of the Parole Authority which was a violation of his parole.  In December, 2002, after the first call to Parole Officer Donley about this change of residence, the Defendant reported he was living at a 4401 Queens Avenue address.  In January 2004, Defendant indicated he was staying at the Queens Avenue address, but in the process of moving to 474 South Kilmer Street.  In May 2003, Parole Officer Donley visited Defendant at the 474 South Kilmer Street address at which time Defendant gave Parole Officer Donley a tour pointing out his bedroom.

In addition to the address change violation allegedly to have occurred in November of 2002, the Government alleges that Defendant did not submit any urine samples, complete any substance abuse treatment program and failed to report 10-15 times during his nine (9) months of supervision.  His last report, prior to the arrest of the Defendant and the subject search was April 3, 2003.

On July 31, 2003, Parole Officer Donley searched Court records and discovered three (3) arrest warrants issued by Dayton Municipal Court on July 16, 17 and 28, 2003.  The alleged offenses underlying these warrants were approximately six (6) traffic violations and a felonious assault.  All warrants listed Defendant's address as 474 South Kilmer Street, Dayton, Ohio.

Parole Officer Donley then concluded that Defendant was in violation of his parole and, after discussion with his supervisor, reported Defendant as a parole violator at large.  At the same time Parole Officer Donley discussed the Defendant's alleged violations with his supervisor, he

also discussed whether to search the residence.  Parole Officer Donley testified that he and his supervisor, concluded a search would be conducted of Defendant's residence.  This discussion took place on July 31, 2003, the day before the actual arrest and search.

On August 1, 2003, after requesting and receiving assistance from the Dayton Police Department, Parole Officer Donley proceeded to 474 South Kilmer Street, Dayton, Ohio, where he believed Defendant resided and where they located Defendant.  Specifically, Defendant was located on the front porch of the residence with another individual.

Donley immediately informed Defendant he was under arrest for parole violations and he was placed in handcuffs.  While Defendant was being taken to the patrol car, Donley indicated he was going into the residence to "clear it".  Defendant stated they could not go inside because he rented the house to the other individual on the porch earlier that day.   Since the other individual would not confirm this rental agreement and based upon Defendant's previous reporting of the address as his residence to the parole authority and police, Donley decided Defendant was not truthful and went ahead with the clearing and search of the house.

Parole Officer Donley searched the front bedroom of the residence that Defendant had previously identified as his at the May tour conducted by Defendant for the Parole Officer.  In this bedroom, Parole Officer Donley found a social security check in the name of the Defendant that listed his address as 474 South Kilmer Street.  Parole Officer Donley also found a Colt .38 caliber handgun in the bedroom dresser drawer.

Section 2967.131 of the Ohio Revised Code provides that the Parole Authority may conduct warrantless searches of a parolee's residence if they have reasonable grounds to believe that the parolee is not abiding by the law or terms and conditions of the parolee's supervision.

The Supreme Court in *Griffin v. Wisconsin*, 483 U.S. at 847 ruled that a warrantless search may be made of a residence and property of a probationer, if made pursuant to a State regulation authorizing a search by officers having reasonable cause to believe that the person is in violation of the conditions of his probation based upon the special needs of the State to closely supervise probationers.  The Sixth Circuit Court of Appeals has held that the special needs of the parole system mirror those of probation and the same rational should apply to it.  *United States v. Loney*, 331 F.3d 516, 520 (6th Cir. 2003) citing *United States v. Payne*, 181 F.3d 781, 787 (6th Cir. 1999).

The Sixth Circuit stated in *United States v. Loney*, 331 F.3d 516, 520 (6th Cir. 2003) that "it is now beyond question that a state statute survives Fourth Amendment scrutiny if it authorizes searches of parolees based on a reasonable suspicion that an individual is violating the terms of conditions of parole." In addition, the Court stated the "reasonable suspicion standard is less stringent than the probable case requirement. Nonetheless, it still requires that, given the totality of the circumstances, parole officers provide 'articulable reasons' and a particularized and objective basis for their suspicion of a parole violation".

Ohio's statute, authorizing a parole officer to search parolees based upon facts that give rise to reasonable grounds to believe the individual is in violation of his parole, was held by the Sixth Circuit in *Loney* to mirror the reasonable grounds standard first discussed in *Griffin* and later characterized as the federal reasonable suspicion standard by that court in *United States v. Payne,* 181 F.3d 781, 787 (6th Circuit 1999). The *Loney* court went on to conclude that "O.R.C Section 2967.131(c) passes constitutional muster . . ." *Loney*, supra at 521.

In this case, the Court would conclude that the parole officer did have articulable reasons and particularized and objective basis for his suspicion of a violation by the Defendant. Defendant had failed to report monthly as required and had not submitted any urine samples during the 10 months he was on supervision (T-1 at 23, GE6 and T-2 at 14, GE6 and DEA). These failures along with the Defendant's failure to complete any substance abuse counseling as required (T-2 at 15-16 at GE6) gave the officer an articulate belief that the Defendant may again be using drugs in violation of his parole. The officer believed that a search of his residence may reveal evidence of drug use. Of course, the fact that Defendant had a history of drug use, including convictions, gave support to the officer's suspicion that violations were occurring. Taken together, this Court finds this officer had a valid basis for a warrantless search, which was articulable, particularized and objective. All these factors previously discussed as well as the Defendant's attempts to mislead the officer as to his residence at the time, gave the officer a belief that he was trying to hide something including the possession and/or use of controlled substances (T-2 at 49-50).

It is clear that the Defendant in this case was subject to a search condition and was specifically informed of the condition (GE6). The Defendant's expectation of privacy was significantly diminished, *United States v. Knights*, 534 U.S. 112 (2001) and the officer's

-4-

reasonable suspicion that Defendant was engaging in drug usage was articulable and particularized.

Therefore, pursuant to the above findings, the Court finds the officer's search reasonable. The Defendant's Motion to Suppress is DENIED.

IT IS SO ORDERED.


Date: **5/19/2005**                                                    **s/ Thomas M. Rose**
                                                                       JUDGE THOMAS M. ROSE
                                                                       United States District Court