# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:04-cr-003

                                        District Judge Thomas M. Rose
  - vs -                                Magistrate Judge Michael R. Merz

DWAYNE WRIGHT,

                Defendant.    :

## DECISION AND ORDER DENYING APPOINTMENT OF COUNSEL

This case is before the Court on Defendant's Motion to Appointment of Counsel (ECF No. 235) which has been referred to the undersigned by District Judge Rose (ECF No. 236).

Defendant advises that he has learned from the Public Defender's Office that they were reviewing his case in light of the holding in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) is unconstitutionally vague.  However, he says, the Federal Defender cannot represent him in an action under 28 U.S.C. § 2255 because of a conflict of interest in that he had previously accused an attorney in that office of ineffective assistance of trial counsel.

The docket in this case shows that sentenced on October 19, 2007 (ECF No. 126).  On April 28, 2010, he filed a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 145).  Therein he asserted that Thomas Anderson, an Assistant Federal Defender, provided him ineffective

assistance of trial counsel in the underlying criminal proceedings. *Id.* at PageID 1413. Thus there is a factual basis for Wright's claim of conflict of interest.

18 U.S.C. § 3006A and this Court's Criminal Justice Act Plan provide that a financially eligible person may be appointed counsel if he or she "is seeking relief under section 2241, 2254, or 2255 of title 28." The Court interprets the phrase "is seeking" to refer to a person who has actually filed a motion to vacate under 28 U.S.C. § 2255. In other words, Congress has not authorized appointment of counsel to advise a person whether or not to file under § 2255. Accordingly, the Motion is DENIED without prejudice to its renewal if Wright actually files a motion to vacate under § 2255

November 23, 2015.

s/ *Michael R. Merz*<br>
United States Magistrate Judge