# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,       :       Case No. 3:04-cr-003

                                            District Judge Thomas M. Rose
- vs -                                    Magistrate Judge Michael R. Merz

DWAINE WRIGHT,

                Defendant.      :

## DECISION AND ORDER GRANTING APPOINTMENT OF COUNSEL AND ORDERING AN ANSWER

This case is before the Court on Defendant's Motion for Reconsideration (ECF No. 247) of the Magistrate Judge's Decision and Order of June 29, 2016 (ECF No. 245), denying Wright's third post-conviction Motion for Appointment of Counsel (ECF No. 243).  As grounds for reconsideration, Wright asserts that the attorney previously appointed did not thoroughly review his file to determine whether he had a viable claim to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

After this Court's Decision, the Sixth Circuit Court of Appeals granted Wright permission to proceed with a second or successive § 2255 Motion and actually transferred the Motion he filed with that court to this one.  In re:  Dwaine Wright, Case No. 16-3104 (6th Cir. July 7, 2016)(unreported; copy at ECF No. 246).  The fact that Wright has permission to proceed

1

does not mean that he is entitled to an appointed attorney. There is no constitutional right to counsel in post-conviction proceedings. There is no constitutional right to appointed counsel in habeas cases. *McCleskey v. Zant*, 499 U.S. 467(1991). There is likewise no statutory right to appointed counsel in § 2255 cases unless an evidentiary hearing is ordered and no such hearing has yet been ordered in this case. See 18 U.S.C. § 3006A.

Without being obliged to by law, this Court has appointed numerous attorneys under the Criminal Justice Act to evaluate possible claims under *Johnson v. United States, supra,* and to pursue them if they found merit. In many such cases, where it does not have a conflict of interest, the Federal Public Defender's Office has itself filed § 2255 motions under *Johnson*. The Court's policy does not require appointment of a second attorney in these cases.

Nevertheless, given the Sixth Circuit's determination, the Motion for Reconsideration is GRANTED and new counsel will be appointed.

Because the Sixth Circuit has determined that Wright has a prima facie claim under *Johnson*, this Court will pretermit any initial consideration of the Petition under Rule 4 of the Rules Governing § 2255 Proceedings and hereby ORDERS that the United States Attorney shall, not later than August 19, 2016, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2255 Cases. Specifically, said answer shall respond to each allegation made in the Motion, raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding.

Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer. If the Government files a motion to dismiss, Defendant's time to

file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

Based on Wright's statement to that effect in his Motion for Reconsideration, the Court will not recharacterize his third Motion for Appointment of Counsel (ECF No. 243) as itself being a § 2255 motion.

July 19, 2016.

s/ *Michael R. Merz*  
United States Magistrate Judge