# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:04-cr-003
                              Related Case No. 3:16-cv-304

                              District Judge Thomas M. Rose
  -  vs  -                        Magistrate Judge Michael R. Merz

DWAYNE WRIGHT,

        Defendant.    :

## REPORT AND RECOMMENDATIONS ON THIRD AMENDED MOTION TO VACATE

This § 2255 proceeding is before the Court on Defendant's Third Amended Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 263). The United States has filed a Response in Opposition (ECF No. 265) and Defendant has filed a Reply (ECF No. 267), rendering the matter ripe for decision.

Although this is a second or successive § 2255 motion, Wright has been granted permission by the Sixth Circuit to proceed. *In re: Dwaine Wright,* Case No. 16-3104 (unreported, copy at ECF No. 246). This Court therefore has jurisdiction to consider the Third Amended Motion. Furthermore, the Sixth Circuit has held that "Wright has made a prima facie showing that he is entitled to relief from his ACCA sentence based on *Johnson [v. United States,* 135 S. Ct. 2551 (2015)]." *Id.* at PageID 2211.

1

Wright asserts that he can no longer be properly classified and sentenced as an armed career criminal because he no longer has the three predicate qualifying offenses required by 18 U.S.C. § 924(e)(Motion, ECF No. 263, PageID 2313-14).

The Presentence Investigation Report ("PSR") in this case found that Wright had been convicted of five prior violent felonies as that term is defined in the Armed Career Offender Act ("ACCA"): (1) a conviction for robbery in Montgomery County Common Pleas Court Case No. 77-CR-1006 (¶ 27); (2) a conviction for burglary in Montgomery County Common Pleas Court Case No. 78-CR-0840 (¶ 28); (3) a conviction for burglary in Franklin County Common Pleas Court Case No. 92-CR-1483 (¶ 36); (4) a conviction for burglary in Montgomery County Common Pleas Court Case No.92-CR-1719 (¶ 37); and (5) a conviction for aggravated assault in Montgomery County Common Pleas Court Case No. 03-CR-2552 (¶ 44).

The United States concedes that the aggravated assault conviction cannot be counted as a qualifying predicate offense because it occurred after the conviction in this case (Answer, ECF No. 265, PageID 2331). The United States likewise concedes that the 1978 burglary conviction is not properly counted because the Sixth Circuit has held the underlying Ohio burglary statute was a violent felony only under the residual clause of the ACCA, held unconstitutionally vague in *Johnson*, *supra* (Answer, ECF No. 265, PageID 2331, citing *United States v. Coleman*, 655 F.3d 480 (6th Cir. 2011)). The United States, however, continues to argue that the 1977 robbery conviction and the two 1992 burglary convictions are properly counted as qualifying predicate offenses.

**1977 Robbery**

Petitioner argues his 1977 conviction for robbery no longer qualifies, citing *United States v. Litzy*, 137 F. Supp. 3d 920 (S.D. W. Va. Oct. 8, 2015).  The *Litzy* court held a conviction under Ohio Revised Code § 2911.02(A)(3) "is categorically broader than the generic definition of 'robbery' as that term is used in U.S.S.G. § 4B1.2(a) cmt. 1." "Although robbery often involves violent force, Ohio's definition of force is simply broader than the way that term is used in the Guidelines, and the categorical approach will not tolerate such overbreadth." *Id.* at 935.  Ms Litzy's conviction for robbery had occurred in 2001. *Id.* at 924.

Wright's conviction for robbery occurred in 1977 when the relevant Ohio statute read:

> (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another.
>
> (B) Whoever violates this section is guilty of robbery, a felony of the second degree.

Ohio's statutory definition of force at the time was "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." See Ohio Rev. Code § 2901.01(A)(1)(effective January 1, 1974)(copy at ECF No. 265-2, PageID 2340).  The United States argues the Sixth Circuit has upheld counting a conviction under Ohio Revised Code § 2911.02(A)(3) as it stood in 1988 – with elements identical to those in the statute when Wright was convicted – as a violent felony  (Answer, ECF No. 265, PageID 2333, citing *United States v. Mansur*, 375 Fed. Appx. 458, 463-64 (6th Cir. 2010), *United States v. Ginter*, 2016 U.S. Dist.

3

LEXIS 9892 (E.D. Ky. Jan. 28, 2016), and *United States v. White*, 2016 U.S. Dist. LEXIS 93818 (N.D. Ohio Jul. 19, 2016)).

Wright distinguishes Mansur on the grounds that it did not consider the decision of the Supreme Court in *Johnson v. United States*, 559 U.S. 133 (2010)(Response, ECF No. 267, PageID 2346). On the contrary, the *Mansur* court did consider *Johnson* and found:

> Mansur cites to the Supreme Court's recent decision in *Johnson v. United States*, 130 S.Ct. 1265, 176 L. Ed. 2d 1 (2010), which defined physical force for purposes of the first prong of 18 U.S.C. § 924(e)(2)(B): "the phrase 'physical force' means violent force -- that is, force capable of causing physical pain or injury to another person." *Id*. at   , 176 L. Ed. 2d at 9 (noting that the battery offense that it was examining, which had as an element, "'[a]ctually and intentionally touch[ing]' another person," did not have physical force as an element for purposes of the first prong of 18 U.S.C. § 924(e)(2)(B)) (emphasis in original). We believe that *Johnson* supports our finding that attempted robbery is a crime of violence. Initially, *Johnson* did not address the residual prong of 18 U.S.C. § 924(e)(2)(B)(ii), which we find that Mansur's attempted robbery conviction also qualifies as a crime of violence under. Furthermore, there is a significant difference between the activity necessary to commit a battery and the activity necessary to commit a robbery (or even to attempt a robbery). Finally, at the time of Mansur's conviction, Ohio courts had already noted that the "type of force" envisioned by the force prong of the Ohio robbery statute was "'that which poses actual or potential harm to a person.' *State v. Carter*, 29 Ohio App. 3d 148, 29 Ohio B. 165, 504 N.E.2d 469, 470 (Ohio App. 9th Dist. 1985). *State v. Ballard*, 14 Ohio App. 3d 59, 14 Ohio B. 64, 469 N.E.2d 1334, 1335 (Ohio App. 8th Dist. 1984)." *State v. Furlow*, 80 Ohio App. 3d 146, 608 N.E.2d 1112, 1113 (Ohio App. 2d Dist. 1994) (noting that "[i]n our judgment, these courts, guided by the Committee Comment to R.C. 2911.02, have properly determined that the difference between theft and robbery is an element of actual or potential harm to persons"); *see also State v. Cohen*, 60 Ohio App. 2d 182, 396 N.E.2d 235, 236 (Ohio App. 1st Dist. 1978) (noting that the "force" defined in the robbery statute meant the "threat of actual or potential harm"); BALDWIN'S OHIO PRAC. CRIM. LAW § 102:3 (2009). Force

4

> which involves actual or potential harm to a person is force capable of causing physical pain or injury to another person; therefore, the type of force that was an element of the Ohio attempted robbery statute that Mansur was convicted under is physical force as that term is defined for purposes of the first prong of 18 U.S.C. § 924(e)(2)(B).

375 Fed. Appx. at 464, n. 9.  Wright also attempts to distinguish *Ginter* because it relies on *Mansur*, but that counts as a strength rather than a weakness.

On the authority of *Mansur*, the Magistrate Judge concludes Wright's 1977 robbery conviction is a qualified predicate conviction for ACCA purposes.

**1992 Burglary Convictions**

Also counted against Wright at sentencing were his two 1992 convictions for burglary, one in Franklin County and one in Montgomery County.  He now argues they should not have been counted because (1) the residual clause of the ACCA has been held unconstitutional and (2) his robbery convictions were under statutes that do not come within the generic burglary offense listed in the enumerated offenses clause of the ACCA.

The United States responds that Wright's statute of conviction, Ohio Revised Code § 2911.12(A)(2), qualifies under the enumerated offenses clause.  The statute in effect in 1992 under which Wright was convicted in both Franklin and Montgomery Counties read:

> (A) No person, by force, stealth, or deception, shall do any of the following: …
>
> (2) Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present, with purpose to commit in the habitation any misdemeanor that is not a theft offense.

5

The United States relies on two Northern District decisions, *United States v. Barclay*, 2016 U.S. Dist. LEXIS 89494 (N.D. Ohio July 11, 2016), and *United States v. Miller*, 2016 U.S. Dist. LEXIS 95855 (N.D. Ohio July 22, 2016).

In *Barclay* Judge Gwin found that a conviction under Ohio's aggravated burglary statute was a conviction for generic burglary within the enumerated offenses clause because it came within the Supreme Court's definition of generic burglary in *Taylor v. United States*, 495 U.S. 575 (1990), to wit, "the generic crime of burglary has 'the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *Barclay*, 2016 U.S. Dist. LEXIS 89494 at *22, *quoting Taylor* at 599.  In *Miller*, decided eleven days after *Barclay*, Judge Gwin followed his own prior logic.

Defendant argues this Court should not follow *Barclay* and *Miller* on the basis of res judicata (Response, ECF No. 267, PageID 2348).  On direct appeal in this case the Sixth Circuit wrote:

> First, Wright contends that the district court improperly sentenced him as an armed career offender under 18 U.S.C. § 924(e). The district court found that Wright's three prior burglary convictions were "violent felonies" because burglary presents "a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Wright, however, argues that "the Ohio burglary statute does not meet the appropriate standard" to apply the enhancement. The case he relies on, *United States v. Bernal-Aveja,* 414 F.3d 625 (6th Cir. 2005), does not help him; the enhancement did not apply to Bernal-Aveja because the court relied on prior *indictments* for burglary, not convictions. See *id.* at 628. Burglary convictions are violent felonies because "[t]he main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party." *James v. United States,* 550 U.S. 192, 203, 127 S. Ct. 1586, 167 L. Ed. 2d 532 (2007) (affirming the application of the residual clause to a Florida attempted-burglary statute). Consequently, we discern

6

> no error in the court's finding that Wright is an armed career offender.

*United States v. Wright*, 332 Fed. Appx. 257, 261 (6th Cir. 2009). The Court agrees with Defendant that this prior decision of the Court of Appeals is correctly read to hold that Wright's three prior burglaries are violent felonies under the residual clause. However, the Sixth Circuit only decided that they qualified under the residual clause; it did not consider, much less reject, the possibility that they would qualify under the enumerated offenses clause as well.

Wright relies on *Arizona v. California*, 460 U.S. 605 (1983), which he says adopts as a definition of res judicata that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (ECF No. 267, PageID 2348, purporting to quote from 460 U.S. at 618.) Actually at that point in the opinion the Court is defining the law of the case doctrine and distinguishing it from res judicata . *Id.* citing 1B J. Moore & T. Currier, Moore's Federal Practice para. 0.404 (1982). Law of the case does indeed bind us when the Court of Appeals decides on a proposition of law and we are later acting in the same case. But as noted above, the law of the case is that Wright's burglaries qualified under the residual clause, not that they could not qualify under the enumerated offenses clause.

Wright also argues that, even considering the question *de novo*, this Court should not find the burglaries are qualifying predicate offenses because Ohio's burglary statute is broader than generic burglary (Motion, ECF No. 263, PageID 2317, citing *United States v. Holycross*, 333 Fed. Appx. 81 (6th Cir. 2009)). The court in *Holycross* did offer the opinion that Ohio's burglary law "extends beyond generic burglary because it covers thefts involving many other structures" aside from buildings. *Id.* at *85. The Sixth Circuit made clear this comment was dictum, however, because it continued "[t]hat makes no difference here because the convictions amount to crimes of violence under the residual 'otherwise' clause." *Id.* In addition, the Sixth Circuit

7

was interpreting a version of the Ohio burglary statute which appears to be much broader than the statute in effect at the time Wright was convicted in 1992.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Wright's § 2255 Motion be DISMISSED WITH PREJUDICE. Because this area of the law is rapidly developing, reasonable jurists might disagree with this conclusion and Wright should therefore be GRANTED a certificate of appealability and be permitted to appeal *in forma pauperis*.

November 3, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).