# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 3:04-cr-003
                                       Related Case No. 3:16-cv-304

                                       District Judge Thomas M. Rose
    - vs -                          Magistrate Judge Michael R. Merz

DWAINE WRIGHT,

            Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON THIRD AMENDED MOTION TO VACATE

This § 2255 proceeding is before the Court on Defendant's Objections (ECF No. 270) to the Magistrate Judge's Report and Recommendations on Third Amended Motion to Vacate ("Report," ECF No. 268). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 271).

Wright's Third Amended § 2255 Motion asserts that he can no longer be properly classified and sentenced as an armed career criminal because he no longer has the three predicate qualifying offenses required by 18 U.S.C. § 924(e)(Motion, ECF No. 263, PageID 2313-14).

The Presentence Investigation Report ("PSR") in this case found that Wright had been convicted of five prior violent felonies as that term is defined in the Armed Career Offender Act ("ACCA"):  (1) a conviction for robbery in Montgomery County Common Pleas Court Case No. 77-CR-1006 (¶ 27); (2) a conviction for burglary in Montgomery County Common Pleas Court

1

Case No. 78-CR-0840 (¶ 28); (3) a conviction for burglary in Franklin County Common Pleas Court Case No. 92-CR-1483 (¶ 36); (4) a conviction for burglary in Montgomery County Common Pleas Court Case No.92-CR-1719 (¶ 37); and (5) a conviction for aggravated assault in Montgomery County Common Pleas Court Case No. 03-CR-2552 (¶ 44).

The Report accepted the Government's concessions that the aggravated assault and 1978 burglary conviction can no longer be counted as a qualifying predicate offenses but continues to argue that Wright's the 1977 robbery conviction and two 1992 burglary convictions are properly counted as qualifying predicate offenses and therefore Wright continues to qualify as an armed career criminal.

**1977 Robbery**

Petitioner argued his 1977 conviction for robbery no longer qualifies, citing *United States v. Litzy*, 137 F. Supp. 3d 920 (S.D. W. Va. Oct. 8, 2015). The Report rejects relying on *Litzy* and instead relies on *United States v. Mansur*, 375 Fed. Appx. 458, 463-64 (6th Cir. 2010), for reasons explained in the Report, including that it is Sixth Circuit precedent.

Wright objects that his Indictment for the 1977 robbery only alleges that "in fleeing immediately after committing a theft offense, did use force against another. See Exhibit A." (Objections, ECF No. 270, PageID 2362.) No exhibit is attached. A sentencing federal court can look past the statute to such documents as an indictment if the statute is "divisible," stating elements in the alternative and thereby defining multiple crimes, using the so-called "modified categorical approach" by looking at a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime with what elements a

2

defendant was convicted of. *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2245-46, 195 L. Ed. 2d 604, 610 (June 23, 2016), citing *Shepard v. United States*, 544 U.S. 13, 26 (2005). But the modified categorical approach does not assist Wright because he was charged with actual use of force, not threatened use.

Wright's objection continues that his 1977 indictment only alleges the use of "force," and not the "violent force" required by *Johnson v. United States*, 559 U.S. 133 (2010).[1] But that objection was available to Wright when he was sentenced and was not made on direct appeal. The retroactivity of the 2015 *Johnson* decision does not encompass reopening cases on the basis of the 2010 *Johnson* decision.

**1992 Burglary Convictions**

Also counted against Wright at sentencing were his two 1992 convictions for burglary, one in Franklin County and one in Montgomery County. He now argues they should not have been counted because (1) the residual clause of the ACCA has been held unconstitutional and (2) his burglary convictions were under statutes that do not come within the generic burglary offense listed in the enumerated offenses clause of the ACCA.

In response, the United States relied on two Northern District of Ohio decisions holding burglary under Ohio law does come within the enumerated generic burglary in the ACCA. *United States v. Barclay*, 2016 U.S. Dist. LEXIS 89494 (N.D. Ohio July 11, 2016), and *United States v. Miller*, 2016 U.S. Dist. LEXIS 95855 (N.D. Ohio July 22, 2016).

Wright replied that the Sixth Circuit on direct appeal held these two convictions qualified under the residual clause (Response, ECF No. 267, PageID 2348). The Magistrate Judge agreed

---

[1] Not to be confused with *Johnson v. United States*, 135 S. Ct. 2551 (2015), last year's ACCA decision.

3

that that was a fair reading of the Sixth Circuit's decision, but the fact that the convictions qualified easily under the now-unconstitutional residual clause did not mean that the could not meet the enumerated clause requirement, a question the Sixth Circuit did not reach (Report, ECF No. 268, PageID 2357).

In his Objections, Wright relies on *United States v. Leasure*, which he cites as a Sixth Circuit decision (ECF No. 270, PageID 2364). The citation given is 5:10-cr-00241 (N.D. Ohio, Eastern Div. Dec. 2, 2015). Manifestly that is not a Sixth Circuit decision, but rather one from the Northern District of Ohio. It is an opinion of District Judge Dan Polster of that court reported at 2015 U.S. Dist. LEXIS 161612. Judge Polster's decision depends on the law of the case doctrine: because the Sixth Circuit had decided on direct appeal that Leasure's aggravated burglary did not qualify, the District Court was bound by that determination.

Wright notes that in one of his 1992 burglary convictions, he had initially been charged with aggravated burglary, but pled to the lesser charge of third-degree burglary. He extrapolates from *Leasure* that if he had pled to the aggravated burglary – a more serious offense than the charge of which he was convicted – then, assuming *Leasure* states the law of the circuit, the aggravated burglary conviction would not now count. Wright concludes "[i]t is difficult to understand how a third degree felony burglary can be used to enhance a sentence when a much more serious first degree burglary cannot." (Objections, ECF No. 270, PageID 2364.)

The answer to this question is that whether an offense qualifies as a violent felony turns not on its seriousness, but on whether it comes within the Supreme Court's definition of "generic burglary." As noted above, the *Barclay* and *Miller* cases, analyzing the statute relevant to Wright's conviction, found that it qualified.

4

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again concludes that Wright's § 2255 Motion should be DISMISSED with prejudice but that he should be granted a certificate of appealability because of the recent and rapid development of this area of the law.

November 22, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).